# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-4043-MWB |
| vs. | **REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |
| DONALD ROBERT STANGELAND, | |
| Defendant. | |

_____

The defendant Donald Robert Stangeland has filed a motion to dismiss the Indictment against him for violation of his right to a speedy trial. Doc. No. 8. The plaintiff (the "Government") has filed a resistance. Doc. No. 9. The following chronology of events forms the basis for Stangeland's motion.

| | |
|---|---|
| 11/01/07 | A criminal Complaint was filed against Stangeland in Case No. 07mj269. |
| 11/06/07 | Stangeland had an initial appearance in this court before the undersigned. He was released on his own recognizance pursuant to an Order Setting Conditions of Release. |
| 11/14/07 | Attorney Robert Tiefenthaler was appointed to represent Stangeland, replacing his previously-appointed attorney. |
| 11/23/07 | Stangeland waived preliminary examination, and he was bound over to the Grand Jury. |
| 11/28/07 | The Grand Jury returned an Indictment (the "first Indictment") against Stangeland in Case No. CR07-4086-MWB, charging him in a single count with bringing in and harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(i). |
| 11/29/07 | An order was entered scheduling Stangeland's arraignment for 12/06/07. |

| | |
|---|---|
| 12/4/07 | Stangeland filed a written waiver of personal appearance at arraignment and entry of a plea of not guilty. Although the filing of this document ordinarily would have triggered entry of a trial management order, the case was not scheduled for trial. |
| 03/20/08 (est.) | On, or approximately, 03/20/08, Mr. Tiefenthaler realized his client's case had not been scheduled for trial, and he notified the court of this fact. |
| 03/21/08 | Judge Mark W. Bennett entered an order *sua sponte* dismissing the case without prejudice for violation of Stangeland's right to a speedy trial. |
| 04/24/08 | The Grand Jury returned an Indictment (the "new Indictment") against Stangeland in the present case, charging him in five counts with transporting and harboring illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii), & (v)(II); 1324(a)(1)(B)(i); and 18 U.S.C. § 2. |
| 05/02/08 | Stangeland was arraigned on the Indictment in the current case, and his trial was scheduled for July 7, 2008. |

In his motion, Stangeland argues that because the new Indictment arises from the same conduct that led to the first Indictment, his "right to a speedy trial within seventy (70) days of the indictment continues to be violated despite the fact that this indictment contains five counts as opposed to the [first] indictment which contained one count." Doc. No. 8, ¶ 12. In support of this contention, Stangeland cites 18 U.S.C. § 3161(d)(1). In addition, both Stangeland and the Government advance arguments based on *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 2190, 33 L. Ed. 2d 101 (1972), in which the United States Supreme Court specified four factors courts should weigh in considering whether to dismiss a case for violation of a defendant's speedy trial rights. An analysis under *Barker* is not required to resolve Stangeland's motion.

Section 3161(d)(1) provides as follows:

> If any indictment or information is dismissed *upon motion of the defendant*, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1) (emphasis added). The "provisions of subsections (b) and (c)" to which subsection (d) refers require the filing of an indictment or information within thirty days from the defendant's arrest or service with summons, and commencement of the defendant's trial within seventy days from the later of the date the information or indictment is filed and made public or the defendant first appears in court on the charges.

If the first Indictment had been dismissed on Stangeland's motion, the speedy trial clock would have restarted with the filing of the new Indictment. *See United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980). If the dismissal occurred on the Government's motion, the time limitation would be tolled during the period when no indictment or information was outstanding. *United States v. Williams*, 408 F.3d 1073, 1077 (8th Cir. 2005) (citing *Dennis*). Stangeland apparently believes that because he did not seek dismissal of the first Indictment, but instead the first Indictment was dismissed *sua sponte*, the speedy trial clock continued to run from the date he waived his appearance on the first Indictment; i.e., December 4, 2007, with only a tolling of the speedy trial clock in the interim between dismissal of the first Indictment and return of the new Indictment. Such a belief is misplaced.

In *United States v. Feldman*, 788 F.2d 544 (9th Cir. 1986), the court held that subsection (d)(1) restarts the speedy trial clock when a case is dismissed for any reason "except on the government's own motion, presumably including a *sua sponte* dismissal." *Id.*, 788 F.2d at 549. The *Feldman* court reasoned as follows:

> There can be no doubt that Feldman was the beneficiary of the *sua sponte* dismissals, . . . [t]he result [of which] was to free him from custody, and to force the government unexpectedly to prepare a new indictment. Thus, the effect of the dismissals is the same as if the court had acted on Feldman's motion. This outcome of the court's action, when taken with the fragmentary indications from the statute itself and from the legislative history, indicates that the *sua sponte* dismissals here should be treated as if they were on Feldman's motions, thus restarting the clock at seventy days on each reindictment and rearraignment.

*Id.*

The Eighth Circuit Court of Appeals quoted *Feldman* with approval in *United States v. Page*, 854 F.2d 293 (8th Cir. 1988), a case in which the defendant withdrew her waiver of indictment, the information was dismissed without prejudice, and she subsequently was indicted. Noting *Feldman* appeared, at the time, to be the only federal case to have addressed the issue of *sua sponte* dismissals, the *Page* court held that "in either case – a *sua sponte* order by the court or a withdrawal of the initial charge at defendant's request – the outcome is the same. The time period under the [Speedy Trial] Act begins to run anew." *Page*, 854 F.2d at 294. No more recent federal cases have been located that address the issue of *sua sponte* dismissals. There is, however, some authority for the court to dismiss an indictment *sua sponte* for violation of the Speedy Trial Act. *See United States v. Ambrose*, 7078 F.2d 109, 1213-14 (11th Cir. 1983).

In this case, Stangeland was the beneficiary of the court's *sua sponte* dismissal of the first Indictment. He was freed from his conditions of release and the Government was

4

forced to seek a new Indictment against him.[1] The court finds that under these circumstances, the speedy trial clock began to run anew at the time of Stangeland's arraignment on the new Indictment; i.e., on May 2, 2008.

The undersigned therefore respectfully recommends that Stangeland's motion to dismiss for violation of his speedy trial rights be denied. Objections to this Report and Recommendation must be filed by **June 18, 2008**. Responses to objections must be filed by **June 23, 2008**.

**IT IS SO ORDERED.**

**DATED** this 11th day of June, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Additionally, Stangeland suffered no prejudice due to the delay. He was on pretrial release from the time of his first appearance on the criminal Complaint.