# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD ROBERT STANGELAND,<br><br>    Defendant. | No. CR08-4043-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S SUPPLEMENTAL REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 1
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Objections To Supplemental Report and Recommendation* . . . . . . . . . . 9
      *1. Speedy trial clock beginning anew* . . . . . . . . . . . . . . . . . . . . 9
      *2. Application of balancing test* . . . . . . . . . . . . . . . . . . . . . . 10

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## *I. INTRODUCTION AND BACKGROUND*

### *A. Procedural Background*

In an indictment returned on April 24, 2008, defendant Donald Robert Stangeland

is charged with transporting aliens and aiding and abetting the transportation of aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(ll), 1324(a)(1)(B)(i), and 18 U.S.C. § 2, and with harboring aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i). Defendant Stangeland has filed a Motion To Dismiss Indictment With Prejudice For Violation Of Right To Speedy Trial (Dkt. #10). Defendant Stangeland's Motion To Dismiss was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss filed a Report and Recommendation in which he recommended that defendant Stangeland's Motion To Dismiss Indictment With Prejudice For Violation Of Right To Speedy Trial be denied. Judge Zoss concluded that the time period under the Speedy Trial Act began to run anew with defendant Stangeland's new indictment since the prior dismissal was not on a government motion but a *sua sponte* dismissal by the court. Accordingly, Judge Zoss recommended that defendant Stangeland's Motion To Dismiss Indictment be denied.

Defendant Stangeland filed objections to Judge Zoss's Report and Recommendation which indicated that there were factual issues which required an evidentiary hearing. As a result, the court remanded the matter to Judge Zoss in order to permit him to conduct an evidentiary hearing. Judge Zoss conducted an evidentiary hearing and then filed a Supplemental Report and Recommendation in which he recommends that defendant Stangeland's Motion to Dismiss Indictment be denied. Judge Zoss concluded that the court properly dismissed defendant Stangeland's prior case with prejudice. Judge Zoss further concluded that defendant Stangeland's Sixth Amendment right to a speedy trial had not been violated. Judge Zoss, therefore, determined that none of the evidence or arguments offered by the parties required him to alter his original conclusion: that the time period under the Speedy Trial Act began to run anew with defendant Stangeland's new indictment since the prior dismissal was not on a government motion. Accordingly, Judge Zoss again

recommended that defendant Stangeland's Motion To Dismiss Indictment be denied. Defendant Stangeland has filed objections to Judge Zoss's Supplemental Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Stangeland's Motion To Dismiss Indictment.

### B. *Factual Background*

In his Supplemental Report and Recommendation, Judge Zoss made the following findings of fact:

> The parties' attorneys disagree on the exact chronology of events, particularly with regard to when Mr. Tiefenthaler first talked with Mr. Fletcher about the fact that no trial date had been scheduled. It appears the failure to schedule the trial initially was the result of an administrative error by court staff. The court's usual procedure is to schedule trial immediately following a defendant's arraignment. In this instance, Stangeland filed a written arraignment form, and the case inadvertently was not scheduled for trial. Thereafter, no one – including court staff and both parties' attorneys – noticed the case had not been scheduled for trial until Mr. Tiefenthaler brought the matter to the court's attention. By the time he did so, the time to bring Stangeland to trial under the Speedy Trial Act already had expired. The speedy trial violation was not the result of any tactical gamesmanship or bad-faith actions on the Government's part. Further, Stangeland was on pretrial release and was not prejudiced unduly by the delay.

Supplemental Report and Recommendation at 3. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate."

4

*Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review"

5

if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the

6

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less

deferential standard.[1]

---

[1] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

As noted above, defendant Stangeland has filed objections to Judge Zoss's Supplemental Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Stangeland's Motion To Dismiss Indictment.

### B. Objections To Supplemental Report and Recommendation
#### 1. Speedy trial clock beginning anew

Defendant Stangeland initially objects to Judge Zoss's conclusion that the speedy trial clock began to run anew as of the new indictment's return on May 2, 2008. In reaching this conclusion, Judge Zoss noted that in *United States v. Feldman*, 788 F.2d 544 (9th Cir. 1986), the Ninth Circuit Court of Appeals held that under 18 U.S.C. § 3161 (d)(1) the speedy trial clock restarts when a case is dismissed for any reason "except on the government's own motion, presumably including a *sua sponte* dismissal." *Id*. at 549. The *Feldman* court observed that:

> There can be no doubt that Feldman was the beneficiary of the *sua sponte* dismissals, . . . [t]he result [of which] was to free him from custody, and to force the government unexpectedly to prepare a new indictment. Thus, the effect of the dismissals is the same as if the court had acted on Feldman's motion. This outcome of the court's action, when taken with the fragmentary indications from the statute itself and from the legislative history, indicates that the *sua sponte* dismissals here should be treated as if they were on Feldman's motions, thus restarting the clock at seventy days on each reindictment and rearraignment.

*Id*.

The Eighth Circuit Court of Appeals quoted *Feldman* with approval in *United States v. Page*, 854 F.2d 293 (8th Cir. 1988), holding that: "in either case – a *sua sponte* order by the court or a withdrawal of the initial charge at defendant's request – the outcome is

9

the same. The time period under the [Speedy Trial] Act begins to run anew." *Id*. at 294. The court notes that, in his objection, defendant Stangeland has not directed the court to any contrary legal authority on this issue. The court is not free to disregard binding Eighth Circuit precedent, which the *Page* decision represents, on this matter since under principles of *stare decisis*, decisions of the Eighth Circuit Court of Appeals have precedential value and must be followed by the district courts within the Eighth Circuit. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003); *Bendet v. Sandoz Pharmaceuticals Corp.*, 308 F.3d 907, 911 (8th Cir. 2002). The court, therefore, overrules this objection to Judge Zoss's Supplemental Report and Recommendation.

### 2. *Application of balancing test*

Defendant Stangeland also objects to Judge Zoss's balancing of the factors specified in 18 U.S.C. § 3162(a)(2) and his conclusion that the court acted properly in dismissing the prior indictment without prejudice. Specifically, defendant Stangeland objects to Judge Zoss's characterization of the charged offense in this case as being a serious offense. Defendant Stangeland also objects to Judge Zoss's finding that the speedy trial violation was not the result of bad faith on the part of the prosecution.

"'A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act.'" *United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003) (quoting *United States v. Blevins*, 142 F.3d 223, 225 (5th Cir. 1998)). In considering whether a dismissal of an indictment for noncompliance with the Speedy Trial Act should be with or without prejudice, Congress has identified the following specific factors the court must consider in its analysis:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and

> circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(2). The Supreme Court has held that by use of the phrase "among others," Congress intended prejudice to the defendant to also be considered. *United States v. Taylor*, 487 U.S. 326, 334-35 (1988); *United States v. Richardson*, 537 F.3d 951, 957 (8th Cir. 2008); *United States v. Elmardoudi*, 501 F.3d 935, 941 (8th Cir. 2007); *United States v. Becerra*, 435 F.3d 931, 935 (8th Cir. 2006).

Judge Zoss properly considered these statutory factors and concluded that the court's dismissal of the prior indictment against defendant Stangeland without prejudice was appropriate. Defendant Stangeland asserts that Judge Zoss erred in finding that the charged offense in this case, transporting illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), is a serious offense. In his analysis, Judge Zoss noted that if convicted, defendant Stangeland faced a penalty of up to ten years in prison and a fine of up to $250,000 and that the severity of these penalties indicated the crime is a serious one. Defendant Stangeland asserts that the offense should not be deemed serious because there are no victims and the crime has no minimum time of incarceration. The court disagrees and concludes that the penalties attached to the alleged offense demonstrate that defendant Stangeland was charged with a serious felony offense. *See United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987) (holding that the potential term of imprisonment is an indication of the seriousness of the offense and that possible two counts of failing to file currency transaction reports which carried a combined possible sentence of ten years imprisonment was indicative of a serious offense); *United States v. Hawthorne*, 705 F.2d 258, 260 (7th Cir. 1983) (holding that an offense punishable by five years imprisonment, unlawful possession of a stolen check, is a serious offense for purposes of the Speedy Trial Act). Moreover, the court notes that in *United States v.*

*Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir. 1986), the Fifth Circuit Court of Appeals held that the charge of illegal transportation of aliens was a serious offense for the purposes of the Speedy Trial Act. Defendant Stangeland has not directed the court's attention to any contrary decisions of a federal court of appeals and the court's own research has revealed none. Therefore, the court concludes that the crime with which defendant Stangeland was charged is a serious offense for the purposes of the Speedy Trial Act. Thus, this objection to Judge Zoss's Supplemental Report and Recommendation is also overruled.

Defendant Stangeland also objects to Judge Zoss's finding that the speedy trial violation was not the result of bad faith on the part of the prosecution. The court's own de novo review of the record reveals no evidence which would support a finding of bad faith on the part of the prosecution. In this case, while the prosecution concedes negligence, there is no evidence that the prosecution sought to delay the trial in the original case for ulterior purposes or to gain a tactical advantage. *See Richardson*, 537 F.3d at 958 (affirming district court's decision in dismissing indictment without prejudice where district court concluded that "'there is no evidence of any attempt by the Government to gain a tactical advantage.'"). Therefore, this objection to Judge Zoss's Supplemental Report and Recommendation is also overruled.

Defendant Stangeland finally objects to Judge Zoss's conclusion that, upon balancing of the factors specified in 18 U.S.C. § 3162(a)(2), the court acted properly in dismissing the prior indictment without prejudice. The court concludes that dismissal of the original indictment against defendant Stangeland was properly done without prejudice. As noted above, the penalty attached to the alleged offense demonstrates that defendant Stangeland was charged with a serious felony offense. Moreover, while it appears that the speedy trial violations were due to the prosecution's negligence, there is no indication that

12

the negligence was in reality an attempt to obtain a tactical advantage. In addition, dismissing the original indictment without prejudice provided the prosecution the opportunity to seek a new indictment and pursue this serious offense, while at the same time furthering the interests of the Speedy Trial Act by making clear that the prosecution's delay in this case was not excusable. Finally, the court notes that defendant Stangeland suffered no prejudice in terms of unavailability of witnesses or evidence. Thus, the court concludes that, upon weighing the statutory factors of § 3162(a)(2), the court properly dismissed the original indictment against defendant Stangeland without prejudice. The court, therefore, overrules this objection to Judge Zoss's Supplemental Report and Recommendation.

## III. CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Supplemental Report and Recommendation and **denies** defendant Stangeland's Motion To Dismiss Indictment With Prejudice For Violation Of Right To Speedy Trial.

**IT IS SO ORDERED.**

**DATED** this 9th day of October, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA