# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD ROBERT STANGELAND,<br><br>    Defendant. | No. 08-CR-4043-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Donald Robert Stangeland's "Motion for Judgment of Acquittal or Alternative Motion for New Trial" ("Motion") (docket no. 81).

## *II. RELEVANT PRIOR PROCEEDINGS*

The court assumes complete familiarity with the prior proceedings as set forth in the court's Order (docket no. 90) of May 13, 2009. The instant Order only discusses the sole remaining issue of whether Defendant is entitled to a new trial because his trial counsel, Attorney Robert Tiefenthaler, provided ineffective assistance of counsel at Defendant's jury trial.

On June 8, 2009, the court held a second hearing ("Hearing") on the Motion. Assistant United States Attorney Kevin Fletcher represented the government. Attorney Jay Denne represented Defendant, who was personally present. Attorney Tiefenthaler was also present at the Hearing. The Motion is fully submitted and ready for decision.

## *III. LEGAL STANDARD*

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court has broad discretion in considering a motion for a new trial. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). A

district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *See Peters,* 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)); *see also* Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 553 (3d ed. 2004) (stating that granting a new trial under Rule 33 is an unusual remedy reserved for "exceptional cases in which the evidence preponderates heavily against the verdict").

As the court discussed in the Order (docket no. 90), in the Motion, Defendant asked for a new trial on two grounds pursuant to Federal Rule of Criminal Procedure 33: (1) the verdicts are against the weight of the evidence and (2) newly discovered evidence weighs against the verdicts. However, the court believes Defendant's arguments are more appropriately construed as a claim of ineffective assistance of counsel. *See, e.g., United States v. Smith*, 62 F.3d 641, 648 (4th Cir. 1995) (making clear that an ineffective assistance of counsel case may constitute a miscarriage of justice worthy of Rule 33 relief). The court's reasoning on this point is set forth in the Order (docket no. 90) and need not be repeated here. It suffices to say that "[n]ormally, a collateral postconviction action under 28 U.S.C. § 2255 is the appropriate means for raising a claim of ineffective assistance of counsel . . . ." *United States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001) (citing *United States v. Jackson*, 204 F.3d 812, 815 (8th Cir. 2000)). However, a

"district court . . . may consider the claim on a motion for new trial if it has developed an adequate record on the issue." *Id.* (citing *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir. 1998)).

"Ineffective assistance claims are governed by the same standard whether raised via a motion for new trial or on federal habeas." *Smith,* 62 F.3d at 649 (citing *Strickland v. Washington*, 466 U.S. 668, 697-98 (1984)). "To prevail on an ineffective assistance of counsel claim, [Defendant] must satisfy the familiar *Strickland* standard by establishing both that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance prejudiced his defense." *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005) (quoting *Strickland,* 466 U.S. at 688, 691). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 508-09 (citing *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (internal quotation marks and citations omitted)). "To satisfy the prejudice prong of the *Strickland* analysis, [Defendant] must establish a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 509 (citing *Strickland*, 466 U.S. at 694).

## IV. ANALYSIS

Prior to the Hearing, Defendant hired Attorney Denne to pursue his ineffective assistance of counsel claim. Through Attorney Denne, Defendant argues Attorney Tiefenthaler should have cross-examined Special Agent Rocha ("S/A Rocha") as to his testimony on a critical factual issue: whether Defendant admitted to S/A Rocha that he asked all employees for identification. S/A Rocha's testimony to Defendant's petit jury directly contradicted his previous sworn testimony before the grand jury on this issue. The court holds that there is an adequate record developed on this key factual issue, which the court may consider in light of its findings and conclusions in the Order (docket no. 90) and

3

the evidence presented at the Hearing. It would serve no purpose but delay to sentence Defendant now only to have him file a successful § 2255 petition in the coming years. This is the unusual case where the ineffective assistance of counsel is apparent from the record and does not, for example, require "relianc[e] on affidavits outside the record." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997).

Applying the above mentioned legal standards to the case at bar, in the instant case, Defendant must prove Attorney Tiefenthaler's failure to cross-examine S/A Rocha fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. At the Hearing, Attorney Tiefenthaler stated that his failure to comprehend and cross-examine this testimony was a mistake. He testified that his failure to cross-examine S/A Rocha regarding this inconsistent statement was not a strategic decision; rather, he flat out missed it. Attorney Tiefenthaler testified that, had he heard this testimony, he would have cross-examined it. He stated he would have questioned S/A Rocha as to the truth of the statement and whether the inconsistency was intentional or accidental. Attorney Tiefenthaler testified that S/A Rocha was an important witness for the government and that his testimony was essential in establishing whether Defendant knew or recklessly disregarded the fact that Hector Murrieta-Paredes, Luis Colorado-Grajales and Felix Paredes-Leon were in the United States unlawfully. In Attorney Tiefenthaler's opinion, S/A Rocha's testimony was crucial to the jury's findings of guilt. The court agrees.

The Supreme Court has described cross-examination as "the greatest legal engine ever invented for the discovery of the truth." *California v. Green*, 399 U.S. 149, 158 (1970) (citations omitted)). The Sixth Circuit Court of Appeals has stated:

> A number of courts . . . have found deficient performance where . . . counsel failed to challenge the credibility of the prosecution's key witness. *See e.g.* . . . *Berryman v. Morton*, 100 F.3d 1089, 1099 (3d Cir. 1996) (finding deficient performance where counsel failed to raise the victim's prior inconsistent identification testimony . . . .); . . . *Nixon v. Newsome*, 888 F.2d 112, 115 (11th Cir. 1989) (finding deficient performance where

4

> counsel failed to confront the prosecution's star witness with inconsistent statements, thus "sacrific[ing] an opportunity to weaken the star witness's inculpatory testimony"); *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987) (finding deficient performance where counsel failed to impeach an eyewitness with previous inconsistent identification testimony . . . .).

*Higgins v. Renico*, 470 F.3d 624 at 633 (6th Cir. 2006). Here, Defense counsel cross-examined S/A Rocha generally but failed to challenge his credibility regarding one critical statement. As the court explained in the Order (docket no. 90), this statement was the lynchpin that supported the court's decision to deny Defendant's motion for judgment of acquittal. The court finds Attorney Tiefenthaler's failure to cross-examine this evidence fell below an objective standard of reasonableness. Accordingly, Defendant has met the first prong of the *Strickland* analysis.

Next, Defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As discussed throughout the Order (docket no. 90), the court found this piece of evidence likely weighed heavily in the jury's analysis of Defendant's guilt. In any event, this piece of evidence weighed heavily in the court's analysis of the sufficiency of the evidence when considering the Motion for Judgment of Acquittal. Attorney Tiefenthaler testified at the Hearing that S/A Rocha's testimony was essential to establishing Defendant's guilt, especially as to whether Defendant knew or recklessly disregarded the fact that Hector Murrieta-Paredes, Luis Colorado-Grajales and Felix Paredes-Leon were in the United States unlawfully. The court agrees.

In *Reynoso v. Giurbino*, the Ninth Circuit Court of Appeals found both deficient performance and prejudice where defense counsel cross- examined two of the prosecution's witnesses generally, but failed to cross-examine these witnesses regarding one critical issue. 462 F.3d 1099, 1120 (9th Cir. 2006). In *Reynoso,* the defendant was convicted of murder based on the testimony of four witnesses: two eyewitnesses and two witnesses

5

"who claimed to have heard admissions made by [the defendant], one of whom recanted his statement at trial." *Id.* At 1103. At trial, defense counsel failed to cross-examine two of these witnesses regarding their motive for providing information about the murder to the police, specifically, a "$25,000 reward for information leading to the arrest and conviction of the person or persons responsible for the murder . . . ." *Id.* at 1102. The court found that "[e]ven though defense counsel challenged [the witness's] credibility on various grounds[,]" the failure to ask about the reward "rendered [defense counsel's] performance deficient." *Id.* at 1106, 1114. Furthermore, "[g]iven that the testimony of the two witnesses was central to the prosecution's case and that the case against [the defendant] was otherwise exceedingly weak, such a performance unquestionably fell outside the wide range of reasonable professional assistance . . . [and] was extremely prejudicial to [the defendant]." *Id.* at 1120.

Like *Reynoso*, the evidence at trial against Defendant was weak. Also like *Reynoso*, S/A Rocha's testimony was critical to the jury's finding of guilt. The un-challenged evidence in the case at bar is perhaps even more compelling than the un-challenged evidence in *Reynoso* because it pertained to Defendant's own admission, rather than a witness's potential bias or motive. The court finds the failure to cross-examine on this critical issue prejudiced Defendant and that Defendant has satisfied the second prong of the *Strickland* analysis.

Accordingly, the court holds Defendant received ineffective assistance of counsel at his trial.[1] A miscarriage of justice has occurred, because Defendant was denied his Sixth Amendment right to effective assistance of counsel. Judgement should be vacated. A new trial is warranted, pursuant to Rule 33.

---

[1] This court has had Mr. Tiefenthaler in prior cases and knows Mr. Tiefenthaler to provide effective counsel.

## V.  CONCLUSION

For the reasons set forth above and as stated at the Hearing, the court **GRANTS** the remainder of the Motion.  Judgment is vacated.  A new trial in this matter will commence during the two-week period beginning on **July 27, 2009**, before the undersigned at the United States Courthouse, 320 Sixth Street, Sioux City, Iowa.

**IT IS SO ORDERED.**

**DATED** this 18th day of June, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA